UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY CHAMP** | **CIVIL ACTION** |
| **versus** | **NO. 11-2187** |
| **WARDEN LYNN COOPER** | **SECTION: "F" (1)** |

**REPORT AND RECOMMENDATION**

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Leroy Champ, is a state prisoner incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana. In 1999, he was charged by bill of information with two counts of distribution of cocaine under Louisiana law.[1]

---

[1] State Rec., Vol. I of IV.

Petitioner first went to trial on the second count. As to that second count, he was convicted of distribution of cocaine by a jury on December 7, 2000.[2] On December 15, 2000, he was sentenced on that conviction to a term of twenty years imprisonment, and it was ordered that the first five years of the sentence be served without benefit of probation, parole, or suspension of sentence.[3]

With respect to the first count in the bill of information, that count was amended to a charge of distribution of a substance falsely represented as cocaine. Petitioner then pleaded guilty to the charge as amended on March 16, 2001, and was sentenced to a concurrent term of five years imprisonment.[4]

Petitioner did not appeal his conviction or sentence with respect to the first count; however, he did appeal his sentence as to the second count. The Louisiana Fifth Circuit Court of Appeal affirmed that sentence on November 27, 2001.[5] Petitioner did not seek review of that judgment by the Louisiana Supreme Court.

---

[2] State Rec., Vol. I of IV, transcript of December 7, 2000, p. 85; State Rec., Vol. I of IV, minute entry dated December 7, 2000.

[3] State Rec., Vol. II of IV, transcript of December 15, 2000; State Rec., Vol. I of IV, minute entry dated December 15, 2000.

[4] State Rec., Vol. I of IV, minute entry dated March 16, 2001; State Rec., Vol. I of IV, guilty plea form.

[5] State v. Champ, 803 So.2d 167 (La. App. 5th Cir. 2001) (No. 01-KA-434); State Rec., Vol. I of IV.

On November 5, 2008, petitioner filed a "Petition for a Writ of Habeas Corpus" with the state district court.[6] That petition was construed as an application for post-conviction relief and denied as time-barred on November 18, 2008.[7] On June 26, 2009, the Louisiana Fifth Circuit Court of Appeal denied petitioner's related writ application, expressly holding that the trial court properly construed and rejected petitioner's application as an untimely application for post-conviction relief.[8] He did not seek review of that judgment by the Louisiana Supreme Court.

Petitioner thereafter filed the instant federal application for *habeas corpus* relief with the United States District Court for the Western District of Louisiana on May 3, 2011.[9] Although he filed the application as one seeking relief under 28 U.S.C. § 2241, it was construed as an application filed pursuant to 28 U.S.C. § 2254 and transferred to this Court on August 30, 2011.[10]

"Motion to Transfer Writ of Habeas Corpus Under 28 U.S.C. § 2241"

As a preliminary matter, the Court notes that petitioner has filed a motion arguing that his application should be considered under § 2241 as filed and transferred back to the Western District for disposition. Rec. Doc. 12. Petitioner is incorrect.

State prisoners may, depending on the particular circumstances, bring federal *habeas corpus* claims under either 28 U.S.C. §§ 2241 or 2254. Pursuant to § 2241, prisoners may bring in

---

[6] State Rec., Vol. I of IV.

[7] State Rec., Vol. I of IV, Order dated November 18, 2008.

[8] Champ v. Cooper, No. 09-KH-390 (La. App. 5th Cir. June 26, 2009); State Rec., Vol. I of IV.

[9] Rec. Doc. 1.

[10] Rec. Doc. 6.

federal district court claims that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(2). In addition, § 2254 provides authority for district courts to entertain *habeas* claims brought by persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Accordingly, § 2241 is the appropriate vehicle for petitions filed *prior* to the conviction *or* which attack the manner in which the sentence is being executed, while § 2254 is proper for petitions filed *after* the conviction *and* which challenge either the legality of a conviction or the validity of the sentence. See Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995); Dickerson v. State of Louisiana, 816 F.2d 220, 224 (5th Cir. 1987). Despite petitioner's protestations to the contrary, his federal application, which argues that his counsel was ineffective and that his guilty plea was illegal, clearly falls within the latter category, not the former. Therefore, it was properly construed as a § 2254 petition. Moreover, because he was convicted in a state court within this federal district, his petition was properly transferred to this Court:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2254(d).

Accordingly, petitioner's "Motion to Transfer Writ of Habeas Corpus Under 28 U.S.C. § 2241," Rec. Doc. 12, should be denied.

## Subject Matter Jurisdiction

As noted, federal district courts have jurisdiction to entertain petitions for writs of *habeas corpus* from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Once a sentence imposed for a conviction has fully expired, a federal *habeas corpus* petitioner is no longer considered to be "in custody" with respect to that conviction. Maleng v. Cook, 490 U.S. 488, 492 (1989).

Clearly, petitioner remains in custody based on the twenty-year sentence imposed for his conviction on the second count. This Court therefore has subject matter jurisdiction with respect to that conviction.

However, with respect to petitioner's conviction on the first count, he received only a five-year sentence. As the state correctly notes, that sentence therefore expired long ago. Because he is no longer "in custody" with respect to that conviction, the Court lacks subject matter jurisdiction to entertain any challenge as to that conviction. That said, if the United States District Judge finds that this Court does in fact have jurisdiction to entertain such a challenge, the undersigned notes that relief should still be denied both because petitioner has not exhausted his state court remedies and, most importantly, because his federal application is clearly untimely.

## Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in the state courts before seeking *habeas corpus* relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally,

the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

On January 10, 2012, a staff member of this Court contacted the Louisiana Supreme Court and confirmed that petitioner had filed no applications whatsoever with that court. In light of that fact, he has not exhausted his remedies in the state courts as required by 28 U.S.C. § 2254(b)(1)(A).

Nevertheless, it would not be in the interests of justice and judicial economy to dismiss petitioner's federal application without prejudice based on the lack of exhaustion. Because the application is also clearly untimely, it should instead be dismissed **with prejudice** on that basis.[11]

Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[12] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on

---

[11] "When faced with an untimely petition, the Court is statutorily compelled to dismiss the case for that reason. Whether the underlying claims have been exhausted will not change the timeliness of the petition." Alexander v. Cain, Civ. Action No. 05-683, 2007 WL 121722, at *2 (E.D. La. Jan. 12, 2007) (citations omitted).

[12] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

       Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693. Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

Petitioner's convictions on the two counts became final at different times. Therefore, the limitations period for each count must be calculated separately. Cummings v. Cain, No. 10-30704, 2011 WL 5554824 (5th Cir. Nov. 11, 2011). Moreover, for the following reasons, both limitations periods expired long before the instant petition was filed.

As noted, petitioner pleaded guilty on the first count on March 16, 2001. Therefore, his criminal judgment with respect to that count became final no later than March 23, 2001, when his time expired for filing an appeal.[13]

As to petitioner's conviction on count two, the Court of Appeal affirmed petitioner's sentence with respect to that conviction on November 27, 2001,[14] and it mailed notice of that judgment to the parties on that same date.[15] As a result, his criminal judgment with respect to that count became final on December 27, 2001, upon the expiration for his period for seeking further direct review by the Louisiana Supreme Court.

---

[13] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). At the time of petitioner's conviction in 2001, La.C.Cr.P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal his conviction or sentence. In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays. La.Rev.Stat.Ann. § 1:55(A). In 2001, March 17 was a Saturday and March 18 was a Sunday; therefore, the Court will not count those two days against petitioner when calculating the date his conviction became final.

[14] State v. Champ, 803 So.2d 167 (La. App. 5th Cir. 2001) (No. 01-KA-434); State Rec., Vol. I of IV.

[15] State Rec., Vol. II of IV, Certificate of Mailing.

Accordingly, petitioner's one-year federal limitations period with respect to count one expired on March 25, 2002,[16] and his period with respect to count two expired on December 27, 2002, unless those deadlines were extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, petitioner had no such state applications pending at any time during the applicable one-year limitations periods. Therefore, he clearly is not entitled to statutory tolling.[17]

The United States Supreme Court has held that the AEDPA's statute of limitations is also subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

---

[16] Because March 23, 2002, fell on a Saturday, the federal limitations period was extended through the following Monday, March 25, 2002. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

[17] The Court notes that petitioner filed a "Petition for a Writ of Habeas Corpus" with the state district court on November 5, 2008. However, such an application filed after the expiration of the federal statute of limitations has no bearing on the timeliness of a *habeas* petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations periods expired, "[t]here was nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief with respect to his conviction on the first count had to be filed on or before March 25, 2002, and his application with respect to the second count had to be filed on or before December 27, 2002. Because his federal application was not filed until May 3, 2011, it is untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that petitioner's "Motion to Transfer Writ of Habeas Corpus Under 28 U.S.C. § 2241," Rec. Doc. 12, be **DENIED**.

It is **FURTHER RECOMMENDED** that his petition for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[18]

New Orleans, Louisiana, this twelfth day of January, 2012.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.